IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNA CURRY,

    Plaintiff,

v.                                            CASE NO. 1:08-cv-00008-MP-AK

HIGH SPRINGS FAMILY PRACTICE CLINIC AND DIAGNOSIS CENTER INC,
JORGE M PRIETO-BECERRA,

    Defendants.

_____/

# **O R D E R**

This matter is before the Court on four separate motions: Doc. 26, Plaintiff's Motion to Dismiss Defendants' First, Third, Fourth, Sixth, Seventh, and Eight Affirmative Defenses; Doc. 50, Defendants' Motion to Dismiss Count III of Plaintiff's Complaint for Lack of Subject Matter Jurisdiction; Doc. 60, Motion for Partial Summary Judgment on Plaintiff's Count II; and Doc. 56, Defendants' Motion to Compel. First, for the reasons stated below, as to Doc. 26, Plaintiff's Motion to Dismiss Defendants' First, Third, Fourth, Sixth, Seventh, and Eight Affirmative Defenses, the Motion is granted without prejudice as to affirmative defense number three (unclean hands), denied as to affirmative defenses one (good faith) and four (waiver and estoppel), and granted as to affirmative defenses six, seven, eight, and the reservation of rights.[1]

---

[1]This Court granted the Defendants' Motion to file a Third Amended Complaint on August 8, 2008 (after the Plaintiff's submission of the Motion to Dismiss Affirmative Defenses, Doc. 26, filed on May 9, 2008). Doc. 47. Though in most circumstances the Court would deny pending motions as moot, the portions of Amended Answer addressed by the Motion to Dismiss are identical in the Amended Answer and Third Amended Answer. See Docs. 24 & 46 Ex. A. To the extent that the disputed portions of the Third Amended Answer are identical, the Court will rule on the Motion to Dismiss at Doc. 26 to conserve judicial resources. The Plaintiffs may file any motions related to the three additional affirmative defenses alleged in the Defendants'

Additionally, the Clerk of Court should re-post the Third Amended Complaint, Doc. 46 Ex. A, as a separate docket entry.

The Court also denies the Defendants' Motion to Dismiss Count III, Doc. 50, for lack of jurisdiction. Third, the Court accepts the Defendants' withdrawal of the Motion to Compel, Doc. 59. Fourth, the Court stays the Defendants' Motion for Partial Summary Judgment, Doc. 60, pending the completion of the discovery period.

I.  Background

Plaintiff Donna Curry alleges that she was employed by Defendants High Springs Family Practice Clinic and Diagnostic Center, Inc. (High Springs Family Practice) and Jorge Prieto-Becerra from December 4, 2006 until February 16, 2007. Doc. 1 at 1, 3, 4. Defendant Prieto-Becerra owns High Springs Family Practice Clinic and Diagnostic Center, Inc. Doc. 1 at 3. Finally, on February 16, 2007, the Plaintiff wrote a letter of resignation to the Defendants, claiming that despite repeated promises by the Defendants, she had not been paid for her services. Doc. 61 Ex. B at 7. In the letter, the Plaintiff alleged that she was not compensated by the Defendants for her work, Doc. 1 at 4, and further alleged that she entered into an oral employment contract with the Defendants for which she would be paid at a rate of $16.00 per hour for all hours worked. Doc. 1 at 5. The Plaintiff proceeded to file this lawsuit.

In the Complaint, the Plaintiff alleges three separate Counts against the Defendants High Springs Family Practice and Diagnostic Center, Inc., and Jorge Prieto-Becerra (Defendants). Count I alleges a violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.

---

Third Amended Answer without prejudice. The Court reserves judgment regarding the three additional affirmative defenses and the Amended Third-Party Complaint. Doc. 46 Ex. A.

Doc. 1 at 3. Count II alleges a violation of the Florida Minimum Wage Standards Act, Florida Statutes § 448.110. Doc. 1 at 4. Count III alleges a violation of Florida common law for breach of an employment contract. Doc. 1 at 5. Defendants initially responded to the Complaint *pro se* in a letter denying that the Defendants employed Curry. Doc. 4 at 1.

After retaining counsel, Doc. 20 at 1, Defendants filed an Amended Answer denying most of the allegations in the Complaint, asserting nine affirmative defenses, and including a Third Party Complaint against Dr. Rodrigo Quintana (who the Defendants alleged was Plaintiff Curry's actual employer). Doc. 24. The Court later granted the Defendants' Motion to Amend the Amended Answer (at Doc. 24) with the Third Amended Answer. Docs. 48 & 46. The Third Amended Answer added three additional Affirmative Defenses (for a total of twelve) and amended the Third-Party Complaint. Doc. 46 Ex. A at 4–5, 6–7.

II.     Motion to Dismiss Defendants' Affirmative Defenses

In Defendants' Amended Answer, they listed twelve affirmative defenses to the Complaint. Doc. 46 Ex. A at 3–5.[2] Plaintiff Curry filed a motion to dismiss six of the Defendants' affirmative defenses. Doc. 26. Specifically, the Plaintiff requests the Court to dismiss the Defendants' affirmative defenses of: good faith, unclean hands, waiver and estoppel, that the Defendants are not Enterprises within FLSA, that the Plaintiff is not individually covered by FLSA, and that the Plaintiff was employed by Dr. Rodrigo Quintana. Doc. 26 at 3–5. The Plaintiff further requests dismissal of the Defendants' Reservation of Rights. Doc. 26 at 5.

This Court will construe the Plaintiff's Motion to Dismiss Affirmative Defenses as a

---

[2]As explained in n.1, supra, this Court will construe and apply the Plaintiff's Motion to Dismiss, Doc. 26, to the Defendants' most recent amended answer. The Document citations reflect this decision.

Motion to Strike the Defendants' Affirmative Defenses under Federal Rules of Civil Procedure 12(f).

A.     Standard

Federal courts strongly disfavor striking affirmative defenses unless "the allegations have no possible relation to the controversy." Wlodynski v. Ryland Homes of Florida Realty Corp., 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008). "An affirmative defense is defined as '[a] defendant's assertion raising new facts and argument that, if true, will defeat the plaintiff's . . . claim even if all allegations in the complaint are true." Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003). Federal Rule of Civil Procedure 8(c) enumerates a list of affirmative defenses that must be pled, although courts have consistently held that additional, unenumerated affirmative defenses may also be pled. See In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988); Ford Motor Co. v. Transport Indem. Co., 795 F.2d 538 (6th Cir. 1986) ("In determining whether a defense is an affirmative one, the starting point should be the list of affirmative defenses in 8(c). A defense analogous to or a derivative of one of the listed defenses should generally be deemed an affirmative defense.").

However, "an affirmative defense may be stricken if the defense is 'insufficient as a matter of law.' . . . A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Weimer v. Felberbaum & Assocs., P.A., 2008 WL 299016, at *1 (S.D. Fla. Feb. 1, 2008) (citations omitted) (quoting Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). Further, the affirmative defense must comply with the liberal pleading requirements of Federal Rules of Civil Procedure 8(a), such that an affirmative defense must contain, at a

minimum, enough facts to put the Plaintiff on notice of the defense. See id. at *1, *2.

B.    Affirmative Defense One: Good Faith

The Court declines to strike Defendants' Affirmative Defense of Good Faith. In the Amended Answer, Defendants allege that they acted "in good faith and in compliance with all applicable statutes and regulations, and with reasonable grounds to believe that its actions, or failures to act, did not violate FLSA." Doc. 46 Ex. A at 3. The Plaintiff argues that the affirmative defense should be dismissed because a similar defense in Morrison v. Aircraft Refinishing, Inc. was held to be factually inadequate as a matter of law. See Doc. 26 at 3; 434 F. Supp. 2d 1314 (S.D. Fla. 2005). The Defendants, in their response, do not specifically address the Plaintiff's argument and instead note that the Motion to Dismiss is premature because it is early in the litigation to determine that the affirmative defenses are inapplicable. See Doc. 27 at 3–4.

Twenty-nine U.S.C. § 216(d) allows the court either to elect not to award liquidated damages or to award less than the full double damages when the employer is able to demonstrate that it acted in good faith. Huggins v. United States, 2005 WL 6112625 (Ct. Fed. Cl. Aug. 16, 2005) (denying to strike the government's affirmative defense of good faith in a FLSA case); see also Wlodynksi, 2008 WL 2783148, at *3; Morrison, 434 F. Supp. 2d at 1320. The good faith defense may serve to reduce damages even if everything alleged in the Complaint is true. Here, the defense is sufficient as a matter of law, and the Defendants have sufficiently alleged the defense to put the Plaintiff on notice of what Defendants intend to prove. Therefore, the motion to strike the Affirmative Defense of Good Faith is denied.

C.    Affirmative Defense Three: Unclean Hands

This Court finds that Defendants' Affirmative Defense of Unclean Hands should be stricken because it fails to plead sufficient facts to put the Plaintiff sufficiently on notice of what Defendants intend to present. Defendants' Third Affirmative Defense states that "[s]ome or all of the Plaintiff's claims are barred by the doctrine of unclean hands." Doc. 46 Ex. A at 3. The Plaintiff argues that this Court should strike the affirmative defense of unclean hands based on policy considerations. Relying on McKennon v. Nashville Banner Publishing Company (an Age Discrimination in Employment Act lawsuit), the Plaintiff reasons that where the suit serves "important public purposes," the doctrine of unclean hands should not be recognized. 513 U.S. 352, 360 (1995); Doc. 26 at 3. The Defendants do not expressly address the Plaintiff's argument. See Doc. 27.

As a matter of law, the affirmative defense of unclean hands may be a sufficient affirmative defense to a FLSA claim in some cases. See Blanc v. Safetouch, 2008 WL 4059786 (M.D. Fla. Aug. 27, 2008); Kendrick v. Alternative Care, Inc., 2006 WL 4756451, at *1–2 (M.D. Fla. Oct. 25, 2006).

Though this Court applies Federal Rule of Civil Procedure 8(a)'s liberal pleading standards, the Defendants' affirmative defense simply does not provide enough factual allegations to put the Plaintiff on sufficient notice of the defense. The allegation is merely a conclusion of law. The Court grants the Plaintiff's motion to strike this defense without prejudice—the Defendants may, if applicable, amend the Amended Answer to allege facts sufficient to support the affirmative defense of unclean hands.

D.      Affirmative Defense Four: Waiver and Estoppel

Plaintiff also requests that this Court strike the Defendants' affirmative defenses of waiver

and estoppel. Doc. 26 at 4. Though these are separate affirmative defenses, the Court will consider them together because the Defendants chose to plead the two affirmative defenses together. Doc. 46 Ex. A at 3. According to the Plaintiff, waiver and estoppel are not recognized as defenses to a FLSA claim, and therefore they are insufficient at law and should be struck. Doc. 26 at 4. Defendants acknowledge that estoppel is typically not recognized as a defense to a FLSA claim, but they point out that in rare factual circumstances, waiver and estoppel have indeed been recognized and request this Court not to strike these defenses. Doc. 27 at 4. According to the Defendants, viewing the facts in a light most favorable to their case, they could indeed prove a rare factual scenario where waiver and estoppel may apply. Doc. 27 at 4.

Courts generally do not accept waiver or estoppel as an affirmative defense for a FLSA claim. See Wlodynski, 2008 WL 2783148, at *3. Equitable estoppel exists where one party, through his actions or words, leads the other party to act to its detriment. Parton v. W. Palm Beach AAMCO Dealers' Adver. Pool, 539 So. 2d 1184, 1184–85 (Fla. 4th DCA 1989). Estoppel has been established as an affirmative defense to a FLSA claim in at least one instance: where the employee "affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." McGlothan v. Walmart, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006) (citing Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972)). Though the facts of McGlothan are scant, the district court found that the allegation "'that the claims of the Plaintiff and some or all of any prospective plaintiffs are barred by the doctrines of estoppel and/or estoppel by silence, in that Plaintiff and some or all of any prospective plaintiffs failed to accurately reports hours allegedly worked and/or Defendant was unaware that Plaintiff and some or all of any prospective plaintiffs worked the hours claimed'

satisfie[d] the notice pleading." Id.

To meet the Brumbelow and McGlothan exceptions in this case, the Defendants would need to allege enough facts so that the Plaintiffs had notice of the estoppel defense. Id. at *1. The Defendants allege in their Fourth Affirmative Defense that the Plaintiff "improperly reported her hours of work." Doc. 26 at 3. This statement appears to meet the exception, especially when the affirmative defense is read in the light most favorable to the Defendants. It seems plausible that the Defendants could prove facts that would meet the estoppel exception. As pled, this defense puts the Plaintiff on adequate notice of what the Defendants intend to prove, and it is not insufficient as a matter of law. Therefore, the Court denies the motion to strike Defendants' Fourth Affirmative Defense.

E.     Affirmative Defenses Six through Eight

The Plaintiff argues that affirmative defenses six through eight are in fact not affirmative defenses at all because all three defenses essentially deny elements of the Plaintiff's claim, and thus should be stricken. Doc. 26 at 5. The Defendants do not directly address this argument in their reply opposing the motion to dismiss. See Doc. 27.

"A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d at 1349 (holding that lack of possession in a reclamation case is not an affirmative defense because "possession is an integral element of a seller's reclamation claim[,]" thus the so-called affirmative defense merely denies an element of the prima facie case). An affirmative defense, by definition, states that even if all of the plaintiff's allegations are true, the defendant should still not be found liable. Id. An affirmative defense cannot simply deny an element of the initial complaint.

Affirmative Defense Six states that the Defendants are not enterprises as defined by FLSA. Doc. 46 Ex. A at 3. This argument, even if valid, is not an affirmative defense because it denies the Plaintiff's assertion that the Defendants are employers under FLSA. See Doc. 1 at 2. The statement is not an affirmative defense because it denies a portion of the Plaintiff's prima facie case. The Defendants, in the Third Amended Answer, had already denied paragraph five of the Complaint, so the affirmative defense is unnecessary. If Defendants want to pursue this defense, the appropriate approach would be in a motion for summary judgment, not by alleging it as an affirmative defense in the Third Amended Answer. To that end, the Court grants the motion to strike Affirmative Defense Six.

Affirmative Defense Seven states that Plaintiff is not individually covered by the FLSA. Doc. 46 Ex. A at 4. Similar to Affirmative Defense Six, the Seventh Defense merely denies that Plaintiff has met an element of her FLSA claim. Thus, the Court grants the motion to strike Affirmative Defense Seven because it is not in fact an affirmative defense at all, but instead the statement is a denial of the facts alleged in the Complaint.

Affirmative Defense Eight alleges that the Plaintiff was employed by Dr. Rodrigo Quintana at all times relevant to the Complaint—Dr. Quintana, not the Defendants, was the Plaintiff's employer. Doc. 46 Ex. A at 4. Though a court should take care to grant to leave to amend affirmative defenses that are actually counterclaims (and vice-versa), Fed. R. Civ. P. 8, here the Defendants have concurrently pled a third-party complaint against Quintana. Doc. 46 Ex. A at 6. The Eight Defense, like the Sixth and Seventh Defenses, merely alleges a defect in the Plaintiff's prima facie FLSA case. Therefore, the Eight Defense is not an affirmative defense. The Court grants the Plaintiff's motion to strike the Defendants' Eight Defense.

F.   Reservation of Rights

Finally, the Plaintiff requests this Court to strike the Defendants' Reservation of Rights, in which Defendants "reserve the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorney's fees and costs under any applicable statute." Doc. 26 at 5–6; Doc. 46 Ex. A at 5. This Reservation of Rights is not denoted by the Defendants as an affirmative defense, but it is grouped with the Defendants' affirmative defenses. Doc. 46 Ex. A at 5.

Whether to strike a reservation of rights clause from a FLSA Answer is an issue of first impression in this district. However, the Middle District of Florida struck a nearly identical clause in a FLSA case where the Defendants asserted the "reservation of rights" as an affirmative defense. Ayers v. Consol. Constr. Servs. of SW Florida, Inc., 2007 WL 4181910, at *2 (M.D. Fla. Nov. 26, 2007) (finding that a clause reserving the right to demand attorneys' fees did not constitute an affirmative defense because the clause did not respond to the initial complaint or raise facts that negated the plaintiff's claims). Further, the Federal Rules of Civil Procedure expressly require that affirmative defenses (presumably what the Defendants attempt with the reservation of rights clause) must be set forth in the pleadings. Fed. R. Civ. P. 8. The Court strikes the reservation of rights clause in the instant case because it is insufficient as a matter of law.

III.   Defendants' Motion to Dismiss Count III for Lack of Supplemental Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 216(b). The Plaintiff alleges that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over her state law claims (Counts II and III). Doc. 1 at 2. In the Motion to Dismiss

Count III of Curry's Complaint, the Defendants argue that this Court should dismiss Count III (breach of employment contract) on two grounds: first, that this Court lacks subject matter jurisdiction to hear Count III because the claim does not arise from a common nucleus of operative fact, and second, that this Court should dismiss Count III under its § 1367(c) discretion to decline supplemental jurisdiction where a state law claim substantially predominates over the federal claim.  Doc. 50 at 4.  This Court denies the Defendants' motion to dismiss Count III.

A.   <u>Supplemental Jurisdiction under 28 U.S.C. § 1367(a)</u>

Where a plaintiff in federal court presents a federal question, the Court may hear and decide state law claims that are sufficiently related to the federal claim.  Twenty-eight U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In <u>United Mine Workers of America v. Gibbs</u>, the Supreme Court stated that to meet the case or controversy requirement, the federal and state law claims must "derive from a common nucleus of operative fact."  383 U.S. 715, 725 (1966).  If a plaintiff's claims are so related that he would ordinarily be expected to try them all in the same judicial proceeding, then a federal court may hear the whole case.  <u>Id.</u>

For example, one court found that exercise of supplemental jurisdiction a over case brought by farm agricultural workers for violation of FLSA and state law breach of employment contract was appropriate because the "breach of contract claim involve[d] the same facts, occurrences, witnesses, and evidence as their FLSA claim."  <u>Hernandez v. Two Bros. Farm, LLC</u>,

2008 WL 4405409, at *2 (S.D. Fla. Sept. 29, 2008).  The state law breach of contract claim stemmed from the plaintiffs' clearance orders as foreign workers that the court held to constitute binding contracts for employment.  Id. at *1.  Therefore, the claims arose from a common nucleus of operative fact.

Further, the Eleventh Circuit Court of Appeals has interpreted supplemental jurisdiction to include claims even where the facts necessary to satisfy each claim are not identical.  "While all the elements of the federal and state claims are certainly not identical, and in some cases are quite different, each claim involves the same facts, occurrences, witnesses, and evidence.  This commonality is sufficient to satisfy the constitutional minimum required by section 1367(a)." Palmer v. Hosp. Auth. of Randoph County, 22 F.3d 1559, 1566 (11th Cir. 1994).  In Palmer, the circuit held that the district court had supplemental jurisdiction to hear the plaintiff's Georgia state law claims for Wrongful Death, Medical Malpractice, and the Georgia Hospital Care for Pregnant Women Act because these claims were part of the same case as her Federal Patient Anti-Dumping Act (COBRA) claim.  Id. at 1562.  The claims all arose from the same two events and involved the similar facts, occurrences, and witnesses—thus, the claims were part of the same case.  Id. at 1563–64.

In the instant case, this Court has supplemental jurisdiction over the Plaintiff's state law breach of contract claim because that claim arises from the same case or controversy as her FLSA claim.  The Plaintiff presents a federal claim under FLSA as well as a state law claim for breach of express employment contract.  See Doc. 1 at 3, 5.  Both claims arise from Curry's alleged employment with the Defendant and involve identical dates and hours worked.  Doc. 1 at 3, 5–6. The claims involve the same occurrences, the same witnesses, and the same contracts or business

records. Though the Defendants argue the elements that Curry must prove for each claim are different, Doc. 50 at 4–5, a difference of elements among the claims is insufficient to release this Court from § 1367(a)'s mandate to hear related state law claims.

B.      Discretion to Decline Supplemental Jurisdiction under 28 U.S.C. § 1367(c)

Nevertheless, a federal court may decline to exercise supplemental jurisdiction over a § 1367(a) claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Court may decline jurisdiction over state law claims where the state law claim substantially predominates over the federal law claim. Id. Essentially, the Court may decline supplemental jurisdiction where "the federal tail represented by a comparatively small number of plaintiffs . . . wag[s] what is in substance a state dog." Santiago v. Wm. G. Roe & Sons, 2008 WL 2944921, at *2 (M.D. Fla. July 29, 2008) (quoting De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003)). "Substantial predominance exists 'when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" Id. at *1 (quoting Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 744 (11th Cir. 2006)). The Santiago court held that state law claims substantially predominated over a FLSA claim because the two state law counts had been putatively certified as class actions (with eighty-two class members) and involved a great number of issues, whereas the FLSA claim had only two plaintiffs. Id. at *2. The number of state law claim plaintiffs outweighed the two plaintiffs

bringing federal claims and tipped the scale in favor of electing to decline supplemental jurisdiction. See id.

In fact, few courts addressing FLSA claims have elected to decline jurisdiction under the "substantially predominates" prong of § 1367(c) inquiry. For example, an Iowa district court found that an Iowa Wage Payment Collection Law claim did not substantially predominate over a FLSA claim where the factual basis of each class member's Iowa state law claim was the same factual basis as their FLSA claim. Bartleson v. Winnebago Indus., Inc., 219 F.R.D. 629, 637 (N.D. Iowa 2003) (finding that supplemental jurisdiction was appropriate); see also De Paz-Escobar v. Muskevistch, 561 F. Supp. 2d 1209, 1213 (D. Or. 2008) (denying a motion to dismiss for lack of supplemental jurisdiction, finding that claims brought by construction workers under FLSA and the Oregon wage and hour laws were part of the same case or controversy and that the state law claims did not substantially predominate over federal claims); Kuhl v. Guitar Ctr. Stores, Inc., 2008 WL 656049, at *5 (N.D. Ill. Mar. 5, 2008) (holding that state law breach of contract claims did not substantially predominate over FLSA claims).

This Court cannot decline supplemental jurisdiction under § 1367(c) because the Plaintiff's breach of contract claim does not substantially predominate over her FLSA claim. The Plaintiff has alleged one violation of FLSA and one breach of contract claim. Even if, as the Defendants contend, the scope of the breach of contract claim were broader than the FLSA claim, it is not so much broader as to *substantially* predominate over the FLSA claim.

IV.   Defendants' Motion to Compel

Defendants filed a Motion to Compel Dr. Quintana, Third-party Defendant, to respond to interrogatories. Doc. 56 at 1. The Defendant later withdrew the Motion to Compel. Doc. 59 at 1.

The Court accepts the voluntary withdrawal of Defendants' Motion to Compel and thus dismisses the Motion to Compel.

V.    Defendants' Motion for Partial Summary Judgment on Count II

Finally, the Defendants move for summary judgment on Count II of the Plaintiff's Complaint: the Plaintiff's claim for violation of the Florida Minimum Wage Law. Doc. 60 at 1. First, the Defendants allege that the Plaintiff failed to allege pre-suit notice in the Complaint as required by the Florida Minimum Wage Law. Doc. 60 at 2. Second, the Defendants allege that the Plaintiff denied that pre-suit notice had not been presented to the Defendants in her response to a Request for Admissions and accompanying Production Request. Doc. 61 Ex. A at 1. Further, in response to the request to "produce the presuit demand[,]" Plaintiff attached only a letter she had written to Defendants on February 16, 2007 tendering her resignation. Doc. 61 Ex. A at 2; Doc. 61 Ex. B at 7.

The Plaintiff counters that the motion for summary judgment should be denied for two reasons: first, that the letter attached as Exhibit B is not authenticated and thus cannot be used to support the Defendants' motion for summary judgment, and second, that discovery is ongoing and summary judgment is thus inappropriate. Doc. 62 at 5, 7. Moreover, the Plaintiff argues that the Defendants failed to demonstrate that there is no genuine dispute of material fact regarding the Plaintiff's failure to provide requisite pre-suit notice. Doc. 62 at 2. For the reasons set forth below, the motion for partial summary judgment is stayed pending the completion of discovery.

A.    Florida Minimum Wage Law, Florida Statute § 448.110

The Florida Minimum Wage Law functions analogously to the federal Fair Labor

Standards Act.  Fla. Stat. § 448.110(3).[3]  The Florida Statute allows a private cause of action by an employee to recover the Florida-regulated minimum wage "for all hours worked in Florida." Id.  Under this statute, however, the plaintiff, before filing suit, must send a letter to the employer "identify[ing] the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice."[4]  § 448.110(6)(a).  Furthermore, after sending notice to the employer, an employee is required to wait fifteen days after receipt of the notice before filing suit.  § 448.110(6)(b).  If the employer does not pay the amount demanded by the employee before the conclusion of the fifteen-day period, then the employee may file a Florida Minimum Wage Law suit.  Id.

Because the pre-suit notice is a condition precedent to filing a claim under § 448.110, this

---

[3] The Florida Legislature enacted Florida Statute § 448.110 to implement s. 24, Art. X of the Florida Constitution (passed by Florida's citizens in November 2004 as Amendment 5). Senate Staff Analysis & Economic Impact Statement, Florida Senate, S.B. 18-B (Dec. 6, 2005). The Constitutional Amendment set a state-wide minimum wage and also provided the procedure requisite to filing suit against the employer.  Id.  Because Florida Statute § 448.110's effective date is less than three years ago, few Florida courts have interpreted the statute.  Therefore, this Court's analysis of the pre-suit notice requirement relies heavily on analogous Florida medical malpractice pre-suit notice requirements.  See Fla. Stat. § 766.106.

[4] Two federal district courts have analyzed the constitutionality of the Florida Minimum Wage Law pre-suit notice requirement and have come to opposite conclusions.  Compare Resnick v. Oppenheimer & Co., 2008 WL 113665 (S.D. Fla. Jan 8, 2008) (holding that the statute does not interfere with constitutional rights because the constitutional amendment permitted the Legislature to create legislation to enforce the right and that the notice requirement does not clearly violate the Florida Constitution) and Throw v. Republic Enter. Sys., 2006 WL 1823783 (M.D. Fla. June 30, 2006) (finding pre-suit notice unconstitutional under the Florida constitution for a suit brought directly under the Constitutional Amendment because the notice requirement adds additional requirements prior to exercising a constitutional right).  This Court declines to address the constitutionality of the pre-suit notice requirement because the motion is stayed pending conclusion of the discovery period, but the Court may readdress the constitutionality issue as necessary at the conclusion of the stay.

Court considers the pre-suit notice to be an element of the claim that the Plaintiff has the burden of proving. Florida courts have interpreted other Florida statutes requiring pre-suit notice and have implied that the Plaintiff has the burden of proving that the required pre-suit notice was sent to the Defendant prior to filing suit. E.g., Fla. Stat. § 766.106 (requiring pre-suit notice to medical providers prior to filing a medical malpractice claim); see Lederer v. Orlando Utils. Comm'n, 981 So. 2d 521, 522 (Fla. 5th DCA 2008) (discussing whether Lederer properly provided pre-suit notice to in compliance with Fla. Stat. § 768.28); Lifesouth Cmty. Blood Ctrs., Inc. v. Fitchner, 970 So. 2d 379, 380, 381 (Fla. 1st DCA 2007) (dismissing a medical malpractice suit against Lifesouth because the Plaintiffs failed to comply with the pre-suit notice requirement of Florida Statute § 766.106(2)).

   Also at issue is whether a state pre-suit notice requirement should apply at all in federal court. Federal courts sitting in diversity are to apply state substantive law and federal procedural law. Hanna v. Plumer, 380 U.S. 460, 465 (1965). Moreover, "[I]t would be unfair for the character of result of litigation materially to differ because the suit had been brought in federal court." Id. at 467. Federal courts typically consider pre-suit notice requirements to be substantive laws, rather than procedural laws, for Erie analysis. Applying the rule from Hanna, a Mississippi federal district court addressing a similar Mississippi statute held that the Mississippi medical malpractice pre-suit notice requirement was substantive and therefore applied to diversity suit brought in federal court. Redmond v. Astrazeneca Pharms. LP, 492 F. Supp. 2d 575, 578 (S.D. Miss. 2007) (relying on Baber v. Edman, 719 F.2d 122, 123 (5th Cir. 1983), holding that a similar Texas statute governing the procedure for filing pre-suit notice should be given full effect by federal courts sitting in diversity, because the Texas legislature intended the statute to provide

"opportunity to settle claims prior to expensive litigation").  Similarly, this Court concludes that the Florida Legislature intended for § 448.110(6) of the Florida Statutes to allow for resolution of claims prior to filing suit.  Therefore, the Florida statute is substantive and should apply in federal court.

B.      Standard

On a motion for summary judgment, the Court must determine whether, given the facts presented, one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Further, summary judgment is inappropriate where there is a genuine issue of material fact.  Matsushita Elec. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 547, 585–86 (1986).

The accepted rule is that "[w]here discovery is not complete, the facts are not sufficiently developed to enable the trial court to determine whether genuine issues of material facts exist. . . . Thus, where discovery is still pending, the entry of Summary Judgment is premature."  Payne v. Cudjoe Gardens Property Owners Assoc., Inc., 837 So. 2d 458, 461 (Fla. 3d DCA 2002).  In contrast, "[a] district court may grant summary judgment in the early stages of discovery only if 'further discovery would be pointless' and the movant is 'clearly entitled to summary judgment.'"  Lock Realty Corp. IV v. Regal Gen. Contractors, Inc., No. 205CV188FTM29DNF, 2006 WL 752830, at *1 (M.D. Fla. Mar. 22, 2006) (quoting Robak v. Abbot Labs., 797 F. Supp. 475, 476 (D.Md. 1992) (denying summary judgment because the moving party in Lock Realty Corp. did not meet the standard for granting summary judgment while discovery is ongoing); Barco Holdings, LLC v. Terminal Investment Corp., 967 So. 2d 281 (Fla. 3d DCA 2007) (granting summary judgment while discovery was ongoing; though some the non-moving party's discovery requests were unanswered, the pending discovery requests were unlikely to glean any evidence

that would affect the material issues addressed by the motion for summary judgment).

C.  Analysis

First, reviewing the facts in the light most favorable to the nonmoving party, this Court will assume that the Plaintiff produced the resignation letter as proof of pre-suit notice and will analyze whether the letter of resignation produced by the Plaintiff is sufficient to meet the presuit notice requirement.  If the letter meets the pre-suit notice requirement, then this Court will deny the motion for summary judgment.  If the letter does not meet the pre-suit notice requirement, then the Court will consider whether further discovery might provide proof that pre-suit notice had been sent to the Defendants.  If further discovery would be pointless, then the Court will grant the motion for summary judgment.

The resignation letter sent by the Plaintiff to the Defendants does not meet the requirement for pre-suit notice under Florida Statutes § 448.110(6).  Proper notice would include the minimum wage sought, an estimate of the hours and dates worked, and an estimate of the wages alleged to be due.  Fla. Stat. § 448.110(6).  Although the Plaintiff's letter includes a general estimate of the dates that the Plaintiff alleges to have worked, it does not purport to notify the Defendants of the Plaintiff's intent to file suit, nor does it provide an estimate of the hours worked or the wages due. Further, the letter makes no demand for wages at all.  The letter does not satisfy the pre-suit notice requirement, thus the Court must consider whether further discovery may provide proof that the Plaintiff satisfied the pre-suit notice requirement.

Here, the Plaintiffs have not yet demonstrated compliance with the pre-suit notice requirement.  The Plaintiff, however, in the request for admissions, denied the requested admission that pre-suit notice had not been served on the employers. Doc. 61 Ex. B at 1.  The

Plaintiff alleges that this denial constitutes a genuine issue of material fact as to whether pre-suit notice was provided and argues that the Defendants have not met a burden of proof sufficient to warrant a grant of summary judgment. Doc. 62 at 7. Yet without more evidence or affidavits, the Plaintiff's denial of the Defendants' requested admissions that pre-suit notice had not been provided is not enough to prevent the grant of summary judgment against the Plaintiff.

However, it is still early in the discovery period, and the Defendants have not decisively demonstrated that the Plaintiff *cannot* prove compliance with the pre-suit notice (for example, the Plaintiff may be able to engage in discovery of the Defendants' records to obtain a copy of the pre-suit notice allegedly sent to the Defendants). If, at the close of the discovery period, the Plaintiff cannot provide evidence that she provided pre-suit notice to the Defendants, then this Court will reconsider the Motion for Partial Summary Judgment and may grant the Defendants' Motion.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Plaintiff's Motion to Dismiss Affirmative Defenses at Doc. 26 is GRANTED in part and DENIED in part, as discussed above. The Defendants' Motion to Dismiss for Lack of Supplemental Jurisdiction at Doc. 50 is DENIED. The Defendants' voluntary withdrawal of the Motion to Compel at Doc. 56 is ACCEPTED. The Defendants' Motion for Partial Summary Judgment on Count II of the Complaint at Doc. 60 is STAYED pending the conclusion of discovery.

**DONE AND ORDERED** this  _9th_  day of December, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge