IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNA CURRY,

    Plaintiff,

v.                                      CASE NO. 1:08-cv-00008-MP-AK

HIGH SPRINGS FAMILY
PRACTICE AND DIAGNOSIS
CENTER, INC. and JORGE
PRIETO-BECERRA,

    Defendants/ Third Party
    Plaintiffs.

v.

DR. RODRIGO QUINTANA,

    Third Party Defendant.
_____/

# O R D E R

Pursuant to a court order dated July 22, 2009 (Doc. 123), the following motions are currently under advisement:

    Doc. 81:    MOTION for Summary Judgment

    Doc. 94:    Second MOTION for Partial Summary Judgment

    Doc. 99:    MOTION to Strike Doc. 97 Statement of Facts, Doc. 98 and Doc. 96 Response in Opposition to Motion

    Doc. 100:    MOTION to Accept Plaintiff's Response to Defendants' Motion for Partial Summary Judgment, Response to Statement of Facts and Deposition of Jorge Prieto-Becerra re Doc. 97 Statement of Facts, Doc. 98 Notice (Other), Doc. 96 Response in Opposition to M

    Doc. 104:    MOTION for Leave to File re Doc. 101 Response in Opposition to Motion

Doc. 108: MOTION File Supplemental Authority re Doc. 94 Second MOTION for Partial Summary Judgment

As an initial matter, the Court will consider all of the materials filed by the parties regarding this issue, finding that the Defendants' one-day delay in responding was not prejudicial to any party or the interests of justice. Thus, Defendants' Motion to Strike (Doc. 99) is DENIED, and Plaintiff's Motion to Accept Plaintiff's Response (Doc. 100) and Motion for Leave to File Reply Brief to Defendants' Response to Plaintiff's Motion to Accept Response (Doc. 104) are GRANTED. Finally, Defendants Motion to File Supplemental Authority in Support of Motion for Summary Judgment (Doc. 108) is GRANTED. In reaching the decision below, the Court has considered all of the responses and replies filed by the parties.

We now turn to the two primary motions pending, Documents 81 and 94.[1] In both documents, the Defendants' move for summary judgment, arguing that Plaintiff is not covered by the Fair Labor Standards Act ("FLSA") because she does not meet the criteria for individual coverage under the FLSA. The Plaintiff responds, arguing that the Plaintiff is individually covered by the FLSA because she was engaged in interstate commerce during her employment. For reasons discussed below, we conclude that the Plaintiff was not engaged in interstate commerce, and the Court therefore lacks jurisdiction under the FLSA.

**BACKGROUND**

The Defendants' business is a walk-in-clinic providing medical services to patients only in Florida. The Plaintiff alleges that she worked as a doctor's assistant from December 4, 2006

---

[1] Document 81 is a Motion for Summary Judgment as to all counts of Plaintiff's Complaint. Document 94 is a Motion for Partial Summary Judgment as to Count I only. Both motions argue that FLSA individual coverage does not apply to Plaintiff because she was not engaged in commerce.

through February 16, 2007 at the High Springs Family Practice Clinic and was never paid. (Complaint, Doc. 1 at ¶ 12). Dr. Quintana avers that the Plaintiff's duties included answering the phone, tracking upcoming appointments, assisting Dr. Quintana in the evaluation of patients, communicating with a local laboratory, and calling insurance companies. (Doc. 93, Exhibit A, Dr. Quintana affidavit, P. 10-11). In addition, Plaintiff was responsible for opening and sending the mail. (Id.). The Plaintiff alleges that her communications with insurance companies located outside the State of Florida were for the purpose of either confirming individual patients' insurance coverage or credentialing the clinic to provide services to patients with insurance coverage. (Plaintiff's Affidavit, Doc. 92 at ¶ 4-6). The Plaintiff stated that her communication with out-of-state insurers occurred approximately "two or three times per week." (Id. at ¶ 7). In response, Defendants provided detailed billing records for all phone and facsimile lines at the walk-in-clinic from the relevant time period. (Doc. 94, Exhibits A, B, and C). The billing records list a total of forty-three outgoing telephone calls and facsimile messages to locations outside the State of Florida. (Id.). Twenty-nine of those outgoing communications were to other states within the United States, while fourteen of the outgoing communications were to other countries. Plaintiff contends that the billing records provided by the Defendants do not document incoming calls or calls to toll-free numbers. (Doc. 96, P. 6).

After she was not paid, Plaintiff Donna Curry ("Plaintiff") filed a complaint against Defendants High Springs Family Practice Clinic and Diagnosis Center, Inc., and Jorge M. Prieto-Becerra, alleging that the defendants violated the Fair Labor Standards Act ("FLSA"), violated the Florida Minimum Wage Act, and breached an express employment contract. (Complaint, Doc. 1). The defendants filed a Third Party Complaint against Dr. Rodrigo Quintana, alleging that Dr. Quintana employed the Plaintiff, and controlled the terms and

conditions of her employment. (Initial defendants and Dr. Quintana collectively "Defendants"). (Doc. 24). The Defendants now move for summary judgment on the FLSA claims arguing that neither the business nor the plaintiff herself engaged in interstate commerce.

**DISCUSSION**

Under the FLSA, "[t]he burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Childrten's Home, Inc.,* 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005)(citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 121 (1946)). This is because the party invoking the Court's jurisdiction bears the burden of demonstrating that the matter falls within the Court's subject matter jurisdiction. *Makro Capital of Am., Inc. v. UBS AG,* 436 F.Supp.2d 1342 (S.D. Fla. 2006).

Under the FLSA, an employee is entitled to the federal minimum wage if he or she establishes either "individual" or "enterprise" coverage. Both parties agree that enterprise coverage does not apply to the present case. (Plaintiff, Doc. 90, P. 5, Defendant, Doc. 81, 94). For individual coverage to apply, the Plaintiff must show that he either engaged in commerce or engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Both parties agree that Plaintiff was not engaged in the production of goods for commerce. As a result, if the FLSA applies is determined by whether the Plaintiff was engaged in commerce during her employment with Defendants.

To "engage in commerce," the Plaintiff must "directly participat[e] in the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006). When determining individual coverage, the character of the employee's activities is determinative, not the nature of the employer's business. *Overstreet v.*

*N. Shore Corp.,* 318 U.S. 494, 498 (1943). The U.S. Code of Federal Regulations Section 776.10 is entitled "...General Coverage of the Wage and Hour Provisions of the [FLSA]," and summarizes the engaged in commerce standard:

> since "commerce" as used in the Act includes not only "transmission" of communications but "communication" itself, employees whose work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines are covered by the Act. This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage. But if the employee, as a regular and recurrent part of his duties, uses such instrumentalities in obtaining or communicating information or in sending or receiving written reports or messages, or orders for goods or services, or plans or other documents across State lines, he comes within the scope of the Act as an employee directly engaged in the work of "communication" between the State and places outside the State.

*29 C.F.R. 776.10 (b).* Pursuant to this regulation, a key factor in determining if Plaintiff was engaged in commerce for purposes of individual coverage under the FLSA is whether the Plaintiff's communications with out of state insurers were a "regular and recurrent" part of her employment duties.

In support of a claim for individual coverage, Plaintiff alleges that she regularly used the telephone and facsimile to communicate with insurance companies outside the State of Florida. (Doc. 92, paragraph 4). Plaintiff further alleges that the contact with out-of-state insurance companies occurred approximately "two to three " times per week. (Doc. 92. Paragraph 7).

Defendants argue that Plaintiff performed primarily administrative functions such as answering local telephone calls and assisting Dr. Quintana in evaluating patients, and that her contact with out-of-state insurers was sporadic at best. Defendants' provided phone records showing a total of forty-three outgoing calls or faxes to out-of-state numbers during the relevant

time period, and only twenty-nine of those calls or faxes were to other states within the United States. (Exhibits A, B, C, to Doc. 94).

The Eleventh Circuit has frequently considered what conduct triggers individual coverage under the FLSA. In cases where the only contact with interstate commerce is that goods used had previously moved from other states, the Courts in the Eleventh Circuit have been hesitant to find individual coverage. *See, e.g., Scott v. K.W. Max Investments, Inc.*, 2007 WL 2850926 (11th Cir., Oct. 2, 2007)(holding that plaintiff purchasing goods from a local hardware store that had previously moved through interstate commerce did not entitle plaintiff to individual coverage); *Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264 (11th Cir. 2006) (holding that employee who purchased goods previously in interstate commerce was not engaged in commerce for purposes of the FLSA); *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368 (S.D. Fla. 2008) (granting summary judgment for employer when plaintiff remodeled homes for employer, and plaintiff purchased and transported various items previously in interstate commerce that were required for the work); *Navarro v. Broney Automotive Repairs, Inc.,* 533 F.Supp.2d 1223, 1226 (S.D.Fla.2008) (finding that an employee who made local deliveries of automotive car parts manufactured outside the state was not engaged in commerce); *Petasne v. La Cucina & Bakery, LLC,* 2008 WL 2157036 (M.D. Fla. 2008) (finding that a server at a local restaurant was not engaged in commerce even if the food prepared was shipped in interstate commerce).

On the other hand, courts within the Eleventh Circuit have been more willing to find individual coverage when the employee uses the instruments of interstate communication. However, even then Courts are careful to ensure that the contacts be "regular and recurring." For example, in *Brooks v. Charles S. White, P.A.,* the plaintiff was a paralegal who sued her

employer claiming that she was engaged in commerce and thus entitled to FLSA protections through individual coverage. 2008 WL 345522 (M.D. Fla. 2008). The plaintiff alleged that she used the telephone, mail, facsimile machine, and e-mail to correspond with out-of-state individuals on a regular and recurrent basis, and conducted title searches, prepared paperwork associated with real estate transactions, and wired money to and from out-of-state lenders. *Id.* at *1. The court denied the employer's motion for summary judgment because the plaintiff produced evidence that allowed a reasonable fact finder to conclude that she engaged in interstate commerce on a regular and recurrent basis. Id.  See also, *Silk v. Albino*, 2007 WL 853752 (M.D. Fla. 2007) (denying employee's motion for summary judgment where affidavits showed direct conflict over whether employee used the internet, telephone, mail, and credit cards to purchase inventory for a business)**.**

      The case which is most factually similar to the instant case was from our sister Court in South Florida.  In *Dent v. Giaimo*, the court granted the employer's motion for summary judgment when the plaintiff was employed as a medical office assistant. 606 F.Supp.2d 1357 (S.D. Fla. 2009). The plaintiff's job duties included "checking patients in and out of their appointments, verifying insurance coverage, answering the phone, filing, faxing and other clerical duties." *Id. at 1358.* The court found that although the plaintiff's job duties included contacting out of state insurance companies, the plaintiff failed to show that she regularly and recurrently engaged in interstate commerce. *Id.* at 1361.

      In this case, after construing all the evidence in the light most favorable to the Plaintiff, the Court concludes that Plaintiff's activities in this case are closest to the *Dent* case, where individual coverage was not found.  Plaintiff's activities did not rise to the level of "regular and recurrent" activities in interstate commerce so as to trigger the FLSA.  Accordingly, summary

judgment in favor of Defendants on Plaintiff's FLSA claim is appropriate.

Additionally, in Count II, Plaintiff brings a claim under the State of Florida minimum wage law and in Count III, Plaintiff brings a claim for breach of contract. Also, the Third-Party Complaint in this case contains a single state-law indemnification claim. The Court may decline to exercise supplemental jurisdiction over claims arising under state law in the following circumstances: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Here, because the Court has dismissed all federal claims, and because application of the state minimum wage law is best left to state courts, the Court declines to retain supplemental jurisdiction over the state law claims.

It is hereby

**ORDERED AND ADJUDGED:**

(1) Docs. 94 and 81, Defendants' Motions for Summary Judgment as to all Counts of the Complaint is GRANTED.
(2) Doc. 99, Defendants' Motion to Strike Response to the Motion for Partial Summary Judgment as to Count I is DENIED.
(3) Doc. 100, Plainitiff's Motion to Accept Plaintiff's Response to Defendants' Motion for Summary Judgment as to Count I of Plainitff's Complaint, Response to Defendants' Statement of Facts and Notice of Filing Deposition of Jorge Prieto-Becerra Out of Time is GRANTED.

(4) <u>Doc. 104</u>, Plaintiff's Motion for Leave to File Reply Brief to Defendants' Response to Plaintiff's Motion to Accept Response to Defendants' Motion for Summary Judgment is GRANTED.

**DONE AND ORDERED** this  _30th_  day of September, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge